## SIPCO SERVICES & MARINE, INC.

### v.

## BETHLEHEM STEEL CORPORATION and the United States of America.

### Civ. No. S94-2529.

United States District Court, D. Maryland.

Feb. 10, 1995.

Nicholas S. Papleacos, Shapiro, Fussell, Wedge, Smotherman & Martin, Atlanta, GA, Thomas A. Bowden, Blum, Yumkas, Mailman, Gutman & Denick, P.A., Baltimore, MD, for plaintiff.

Walter S.B. Childs, Linowes and Blocher, Annapolis, MD, Edith G. Laver, Bethlehem Steel Corp., Bethlehem, PA, for defendants.

### *MEMORANDUM OPINION*

SMALKIN, District Judge.

This matter is before the Court on the defendant, United States of America's, alternative motion to dismiss, or for summary

judgment. Plaintiff opposes the motion. No oral hearing is necessary. Local Rule 105.6, D.Md.

The motion of the United States of America to dismiss will be granted, pursuant to Fed.R.Civ.P. 12(b)(6), as well as Fed.R.Civ.P. 12(b)(1), for the simple reason that the fixing of a maritime lien on a public vessel (which the vessels in question here indisputably are) is prohibited by statute, *viz.,* the Maritime Commercial Instruments and Liens Act, 46 U.S.C. § 31342(b).

The Court recognizes that there is authority to the effect that, despite the statutory language, the prohibition in question can be circumvented by a suit against the United States *"in personam* on principles of *in rem* liability." *Bonanni Ship Supply, Inc. v. United States,* 959 F.2d 1558, 1564 (11th Cir.1992). In this Court's opinion, *Bonanni* is entirely unsound, for the reasons that led the district court to reject it in *Bartells Co. v. Northwest Marine, Inc.,* 1994 A.M.C. 1057, 1994 WL 476189 (W.D.Wash.1994). As the district court noted in *Bartells,* even the Eleventh Circuit panel deciding *Bonanni* expressed reservations about the soundness of its own holding. *See Bonanni,* 959 F.2d at 1564 n. 11.

Thus, the Court concludes that *Bonanni's* reed is insufficient support for the assertion of a lien against the United States, and a separate order will be entered, granting the defendant United States of America's alternative motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6).